UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

LARA HOLDINGS, INC. F/K/A LARA
CRUISES, INC.,

Plaintiff,

and

DIAMOND GAMING, LLC,

Intervening Plaintiff,

v.                 409CV064

M/V MIDNIGHT GAMBLER II, *in rem*, and
her owner MONTE CARLO CRUISE
CONCESSIONS, INC.,

Defendants.

## ORDER

Before the Court is Plaintiff Lara Holdings, Inc.'s unopposed motion for summary judgment against Defendant M/V Midnight Gambler II (the "Vessel") and its former owner, Monte Carlo Cruise Concessions, Inc. Doc. # 106.

On 6/17/98, Monte Carlo executed and delivered a promissory note (principal sum of $4,000,000) and mortgage securing payment of the note to Lara Holdings.[1] Doc. ## 37-5 (promissory note), 37-6 (preferred mortgage). Monte Carlo subsequently defaulted on that note and entered into a forbearance agreement with Lara Holdings on 12/28/01. Doc. # 37-8 at 1 (forbearance agreement). That agreement provided that the outstanding balance due under the promissory note was $2,597,940.81 and, *inter alia*, modified the payment schedule for the note. *Id.* at 2-3. The parties amended the forbearance agreement on 12/9/02 after Monte Carlo defaulted again. *Id.* at 12. The amended forbearance agreement provided that the outstanding balance due then was $2,177,661.53. *Id.*

Monte Carlo defaulted under the amended forbearance agreement, and Lara Holdings declared the full amount payable under the promissory note to be due. Doc. # 106-1 at 2 (Declaration of Dennis Foster, Vice President of Lara Holdings). Lara Holdings then filed its Complaint pursuant to 46 U.S.C. § 31325(b), doc. # 1, and successfully moved the Court for an interlocutory sale of the Vessel, which took place on 9/9/09, doc. # 67 (Order granting motion for order for sale). Lara Holdings claims that Monte Carlo owes "$1,474,591.24 that is due on principal on the note and mortgage, and interest in the amount of $273,041.17 as of January 15, 2010," with interest accruing "at the daily amount of $951.36." Doc. # 106-1 at 3. Lara Holdings now moves the Court for summary judgment, contending that the Vessel has been sold,[2] Monte Carlo has no viable defense, and all other claimants have either withdrawn or resolved their claims. Doc. # 106 at 5.

Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that

---

[1] Plaintiff's mortgage is a first preferred ship's mortgage. *See TransMontaige Prod. Servs., Inc. v. M/V Wilbur R. Clark*, 679 F. Supp. 2d 1308, 1317 (S.D. Ala. 2009) ("Under federal law, a preferred mortgage is a lien on a mortgage vessel in the amount of the outstanding mortgage indebtedness secured by the vessel. Upon default of the preferred mortgage, the mortgagee may enforce the preferred mortgage lien in a civil action in rem.") (internal quotations and citations omitted).

[2] The Vessel was purchased by Lara Holdings for $500,000, depositing 10% of the purchase price ($50,000) into the Court Registry. *See* doc. ## 82 (Clerk's Order certifying deposit); 90 (Order confirming sale of the Vessel). On 3/17/10, the Court directed the Clerk to disburse the $50,000 deposit; $17,500 payable to intervening Plaintiff, Diamond Management, and the balance payable to Lara Holdings. Doc. # 110. Lara Holdings, therefore, recovered $482,500 from the sale of the Vessel.

there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." F.R.Civ.P. 56(c). In determining whether summary judgment is appropriate, the facts and inferences from the record are viewed in the light most favorable to the non-moving party, and the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The moving party is "entitled to a judgment as a matter of law" when the nonmoving party fails to make a sufficient showing on an essential element of his case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). The mere existence of a scintilla of evidence is insufficient; rather, there must be evidence on which reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

As noted earlier, Monte Carlo has not opposed Lara Holding's motion for summary judgment. Of course, the mere fact that the motion is unopposed does not mean that the Court may grant the motion without considering the merits. *See U.S. v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). Nevertheless, when a motion for summary judgment is made and properly supported by affidavits, depositions, or answers to interrogatories, the adverse party may not rest on the mere allegations or denials of the moving party's pleadings. *Barfield v. Chisholm Props. Circuit Events, LLC.*, 2010 WL 1688451 at *6 (N.D. Fla. 2010). Rather, the nonmoving party must respond by affidavits or otherwise and present specific allegations showing that there is a genuine issue of disputed fact for trial. *Id.* (citing F.R.Civ.P. 56(e)).

Here, aside from denying certain paragraphs of Lara Holding's Complaint, doc. # 36, Monte Carlo has offered no evidence to create a genuine issue as to any material fact in this case. Lara Holdings, meanwhile, has established that Monte Carlo defaulted on the promissory note and forbearance agreement and that Lara Holdings is due interest and the full amount payable on the note and forbearance agreement. Doc. # 106-1 at 2-3. Moreover, all other claimants in this case have either withdrawn their claims, doc. # 103 (notice of voluntary dismissal by Parkstone Crossing Trust), or have resolved their claims with Lara Holdings, doc. ## 109 (Lara Holdings and Diamond Gaming's joint motion for disbursement of funds), 110 (Order granting).

For the foregoing reasons, Lara Holding's motion for summary judgment is ***GRANTED***. Doc. # 106. The Clerk shall enter judgment in favor of Lara Holdings in the amount of $1,381,198.33.[3]

This day of 17 May 2010

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] This amount is calculated as follows: $1,474,591.24 (balance due on principal on promissory note) + $273,041.17 (interest as of 1/15/10) + $116,065.92 (interest from 1/15/10 to 5/17/10 [122 days * $951.36 per diem interest]) - $482,500 (amount recovered by Lara Holdings from sale of Vessel) = $1,381,198.33.